UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HALIO TEIXEIRA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICIA HYDE et al., )<br>)<br>Respondents. )<br>) | Civil No. 25-13323-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 17, 2025

SOROKIN, J.

    Halio Teixeira, a citizen of Brazil who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Her petition is ALLOWED as described below.

    Several years ago, Teixeira entered the United States without inspection. Doc. No. 1 ¶¶ 1, 15. She was promptly arrested by border patrol agents. Id. ¶¶ 1, 16. The agents subsequently released her, however, and she has lived in this country ever since. Id. ¶¶ 16–17. On November 7, 2025, Teixeira was arrested when she appeared at an Immigration and Customs Enforcement ("ICE") office for a routine check-in. Id. ¶¶ 2, 18. She is detained at an ICE office in Burlington, Massachusetts. Id. ¶ 8.

    The day of her arrest, Teixeira instituted this action by filing a habeas petition. Doc. No. 1. The petition raises claims similar to those the Court has evaluated in other cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The respondents have now answered the petition. They "concede that this Court's decisions in"

Garcia and Encarnacion "(among others) control this case." Doc. No. 9 at 1. Though they continue to disagree with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision. Id. at 1, 3.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission that Teixeira is not subject to mandatory detention under 8 U.S.C. § 1225(b). See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[1] Thus, she is entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Teixeira unless she is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[1] As far as the undersigned is aware, at least a dozen judges sitting in this courthouse have now rendered decisions rejecting the government's position.

[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that Teixeira poses a danger to the community, or proving by a preponderance of the evidence that she is a flight risk. Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).